IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL JOSEPH WASHINGTON,           *

Plaintiff,                            *

v.                                    *        Civil Action No. PJM-23-2

DEPARTMENT OF JUSTICE,                *

Defendant.
                         ***
## MEMORANDUM ORDER

Self-represented plaintiff Michael Joseph Washington filed the above-captioned Complaint on January 3, 2023 together with a Motion to Proceed in Forma Pauperis. ECF Nos. 1-2. Because Washington appears to be indigent, the Motion shall be granted. However, the Complaint must be dismissed for the reasons outlined below.

As Washington proceeds without having paid the filing fee, the Court retains an independent duty to review the claims for sufficiency. *See* 28 U.S.C. § 1915(e). *See also Michau v. Charleston Cnty., S.C.*, 434 F.3d 725, 728 (4th Cir. 2006) (affirming dismissal of non-prisoner pro se complaint, pursuant to § 1915(e)(2)). Accordingly, the Court must dismiss any claim that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such suit. *See* 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). Unlike the failure to state a claim standard, however, in reviewing for frivolity, the Court "is not bound to accept clearly baseless factual allegations as true." *Kilgore-Bey v. Rudey*, No. RDB-18-0007, 2018 WL 1135391, at *2 (D. Md. Feb. 28, 2018). Frivolous claims include "those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be

simply 'unbelievable.'" *McLean*, 566 F.3d at 399 (quoting *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002)); *see also Denton v. Hernandez*, 504 U.S. 25, 29 (1992)).

The Court is mindful of its obligation to accord liberal construction to the pleadings of self-represented litigants such as Washington. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"). In making this determination, "[t]he district court need not look beyond the complaint's allegations. . . . It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989).

The Complaint alleges, in part, that "the Department of Justice brutally start[ed] torturing me from 2010 to current with [illegible] with computer programming my human brain"; the government "hacked my human cells and reprogrammed them with [illegible] torture from a computer"; and that the Department of Justice is conducting "biohacking experiments" on him without consent. These allegations have no factual basis in reality and are delusional and frivolous. Even read most charitably to Washington, no plausible basis for any cause of action can be found in the Complaint. Therefore, the Complaint must be dismissed.

Accordingly, it is this 21 day of March 2023, by the United States District Court for the District of Maryland, hereby ordered:

1. The Motion for Leave to Proceed in Forma Pauperis (ECF No. 2) is **GRANTED**;

2. The Complaint is **DISMISSED WITH PREJUDICE**;

3. The Clerk **SHALL SEND** a copy of this Memorandum Order to Washington; and

4. The Clerk **SHALL CLOSE** this case.

/s/ PETER J. MESSITTE
United States District Judge